UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROY BROWN,

       Plaintiff,                       Case No. 09-12359
                                                Honorable George Caram Steeh

v.

COUNTRYWIDE HOME LOANS, FIFTH
THIRD MORTGAGE, MICHIGAN LLC,
and MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,

       Defendants.
_____/

## ORDER DENYING EMERGENCY MOTION

The plaintiff, Roy Brown, proceeding *pro se*, commenced this action on June 18, 2009 at 3:01 p.m. and immediately thereafter presented to the Court an emergency motion to stay order of eviction. The case was assigned to Judge Steeh pursuant to the random case assignment process laid out in Eastern District of Michigan Local Rule 83.11(a). Because Judge Steeh was unavailable on the day of the filing, the matter was referred to the undersigned to act in his place. E.D. Mich. LR 77.2.

In his emergency motion, the plaintiff contends that an order of eviction has been entered against his property on May 29, 2009, and asserts that "irreparable harm will be done" to the plaintiff unless injunctive relief is provided. Mot. at ¶ 4. The Court construes the motion as a motion for a temporary restraining order.

Federal Rule of Civil Procedure 65(b), which governs requests for temporary restraining orders, states in part:

>   The court may issue a temporary restraining order without written or oral notice to
>   the adverse party or its attorney only if:

>   (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
>   (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).  "Reasonable notice" consists of information received within a reasonable time to permit an opportunity to be heard.  *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974) (noting that *ex parte* "temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard").

   The plaintiff in this case has failed to meet either requirement set forth in Rule 65(b).  A temporary restraining order is an extraordinary remedy that generally is reserved for emergent situations in which a party may suffer irreparable harm during the time required to give notice to the opposite party or where notice itself may precipitate the harm.  *See Hambell v. Alphagraphics Franchising Inc.*, 779 F. Supp. 910, 912-13 (E.D. Mich. 1991).  The plaintiff has not provided notice to the opposing parties, nor certified in writing "why [notice] should not be required."  Fed. R. Civ. P. 65(b)(1)(B).

   Moreover, neither the motion nor the complaint contain "specific facts . . . clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."  Fed. R. Civ. P. 65(b)(1)(A).  Instead, the complaint announces in a conclusory fashion that "irreparable harm" will result.  Mot. at ¶ 4.  This fails to satisfy the requirements of the Federal Rules.

On the present record, the Court finds that the drastic remedy of granting a temporary restraining order without notice is not justified. The Court will therefore deny the request for a temporary restraining order, and refer the matter to Judge Steeh for further proceedings.

Accordingly, it is **ORDERED** that the emergency motion to stay order of eviction, construed as a motion for a temporary restraining order, is **DENIED**.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated: June 19, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 19, 2009.

s/Diane Opalewski
DIANE OPALEWSKI