UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROY BROWN,

        Plaintiff,

vs.
        Case No. 09-CV-12359
        HON. GEORGE CARAM STEEH

COUNTRYWIDE HOME LOANS, et al.,

        Defendants.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS (# 2), AND DISMISSING CLAIMS PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii)

Plaintiff Roy Brown filed a pro se complaint and application to proceed without prepayment of fees on June 18, 2009. Consistent with Brown's accompanying affidavit, the court is persuaded he is unable to pay the fees associated with the filing of his complaint. Accordingly, Brown's application to proceed without the prepayment of fees, or in forma pauperis ("IFP"), is hereby GRANTED. See 28 U.S.C. § 1915(a)(1).

Brown alleges in his seven-page complaint that he executed an adjustable rate mortgage (ARM) with defendant Fifth Third Mortgage on June 21, 2006, and that Fifth Third Mortgage did not disclose the terms of the mortgage or his rights as required by the Uniform Commercial Code (UCC). Brown alleges that Fifth Third Mortgage "engaged in illegal subprime lending," targeting him as "a minority of low income, residing in a low income area." Brown alleges it was "illegal" for Fifth Third Mortgage to extend credit by guaranteeing his debts lacking a mortgage. Brown continues by alleging that Fifth Third Mortgage does not have a "bona fide" interest in his residential property at 2301 Edison, Detroit, Michigan, because the ARM became void upon Fifth Third Mortgage's commission

of fraud. Brown cites Davenport v. HSBC Bank USA, 275 Mich. App. 344, 739 N.W.2d 383 (2007) for the proposition that Fifth Third Mortgage is not entitled to foreclose his property. Brown invokes the following federal law: the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 et seq., the Truth in Lending Act (TILA), 15 U.S.C. § 1601, et seq., and the Real Estate Settlement Procedure Act (RESPA), 12 U.S.C. § 2601, et seq.. Count I alleges "VIOLATION OF TRUTH IN LENDING." Count II alleges "FRAUD." Brown alleges in Count I that defendant Mortgage Electronic Registration Systems, Inc. ("MERS") is using closing documents to prove his non-performance, while alleging in Count II that defendant Countrywide Home Loans is Fifth Third Mortgage's accomplice in fraud.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), this court must dismiss Brown's IFP claims upon determining that his claims fail to state a claim on which relief may be granted. McGore v. Wrigglesworth, 114 F.3d 601, 612 (6th Cir. 1997). To state an actionable claim upon which relief may be granted, the claim's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (citing Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1965 (2007)). The claim for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (quoting Bell Atlantic, 127 S. Ct. at 1964-65) (citations and quotations omitted).

Brown's federal claims, upon which federal subject matter jurisdiction is premised under 28 U.S.C. § 1331, fail to state claims upon which relief may be granted. Brown simply invokes RICO, the TILA, and RESPA, making conclusionary allegations that he is entitled to recover under these federal statutes. Brown has not alleged a claim against MERS. Brown's allegation of fraud is not pleaded with particularity. See Fed. R. Civ. P. 9(b).

Brown admits he signed the ARM. Brown's conclusionary allegations of fraud are not supported by factual allegations that raise his right to recovery under RICO, the TILA, or RESPA beyond speculation. Indeed, as a matter of law, violations of RESPA cannot support a finding that the subject mortgage is invalid or unenforceable. See 12 U.S.C. § 2615. Brown's allegation of "illegality" arising from an extension of credit under a mortgage is baseless. Alleged violations of the UCC raise questions of state law, not federal law. The Michigan Court of Appeals in Davenport decided a question of Michigan law arising under the foreclosure by publication provisions of Michigan statute M.C.L. § 600.3204. Davenport, 275 Mich. App. at 384 (recognizing that one who is not the record holder of a mortgage may not foreclose the mortgage under M.C.L. § 600.3204).

Browns' complaint fails to state a federal claim upon which relief may be granted. Ass'n of Cleveland Fire Fighters, 502 F.3d at 548. Pursuant to § 1915(e)(2)(B)(ii), Brown's federal claims must be dismissed. McGore, 114 F.3d at 612. This court lacks federal question subject matter jurisdiction over Brown's remaining state law claims. Accordingly,

Plaintiff Brown's federal claims are hereby DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Brown's state law claims are hereby DISMISSED without prejudice for lack of federal subject matter jurisdiction.

SO ORDERED.

Dated: August 17, 2009

                                              s/George Caram Steeh
                                              GEORGE CARAM STEEH
                                              UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 17, 2009, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk